**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5227**

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

WINSTON DOUGLAS SYNDAB, a/k/a Winston Nelson, a/k/a Juvie,

            Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:07-cr-00486-TLW-1)

Submitted: October 20, 2009      Decided:  October 23, 2009

Before TRAXLER, Chief Judge, NIEMEYER, Circuit Judge, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Joshua S. Kendrick, JOSHUA SNOW KENDRICK, PC, Columbia, South
Carolina, for Appellant.  Rose Mary Sheppard Parham, Assistant
United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Winston Douglas Syndab appeals from his conviction and 420-month sentence imposed following his guilty plea to conspiracy to possess with intent to distribute fifty grams or more of crack cocaine and possession of a firearm in furtherance of a drug trafficking offense. Syndab's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), addressing the validity of the guilty plea and the reasonableness of the sentence, but stating that there was no merit to the appeal. Syndab filed a pro se brief challenging the validity of his plea and asserting that counsel was ineffective. Our review of the record discloses no reversible error; accordingly, we affirm Syndab's conviction and sentence.

We find that Syndab's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11. See United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991). Further, we find no abuse of discretion in the district court's denial of Syndab's motion to withdraw his plea. See United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003); United States v. Moore, 931 F.2d 245 (4th Cir. 1991).

The court reviews Syndab's sentence for reasonableness under a deferential abuse-of-discretion standard. See Gall v. United States, 128 S. Ct. 586, 591 (2007). In reviewing a sentence, this court must first ensure that the district court

2

committed no significant procedural error, such as incorrectly calculating the guideline range.[*] United States v. Osborne, 514 F.3d 377, 387 (4th Cir.), cert. denied, 128 S. Ct. 2525 (2008). The court then considers the substantive reasonableness of the sentence imposed under the totality of the circumstances. Gall, 128 S. Ct. at 597. A sentence within the properly calculated Guidelines range is presumed reasonable. Rita v. United States, 551 U.S. 338, 341 (2007). We find that the district court properly considered the 18 U.S.C. § 3553(a) (2006) factors as applied to Syndab, see United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009), analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 128 S. Ct. at 597.

In his pro se brief, Syndab contends his attorney provided ineffective assistance. Because the record does not conclusively demonstrate ineffective assistance, this claim should be raised in a 28 U.S.C.A. § 2255 (West Supp. 2009) motion rather than on direct appeal. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997); United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991).

---

[*] Syndab, in counsel's brief, and in the pro se brief, asserts that one of his prior convictions should not count as a predicate offense for application of the career criminal enhancement. However, we note that, even disregarding that conviction, Syndab had two other qualifying convictions.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We further find no merit to the claims raised by counsel and by Syndab. We therefore affirm Syndab's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED